2015 UT App 222

# THE UTAH COURT OF APPEALS

IN THE MATTER OF THE ESTATE OF LEWIS HILDRETH.

STACY HILDRETH,
Appellant,
*v.*
DAVID M. SMITH,
Appellee.

Per Curiam Decision
No. 20150375-CA
Filed September 3, 2015

Fourth District Court, Spanish Fork Department
The Honorable M. James Brady
No. 153300001

Stacy Hildreth, Appellant Pro Se

Rodney W. Rivers, Attorney for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1　Stacy Hildreth (Hildreth) appeals the April 17, 2015 Order appointing David M. Smith as personal representative for the Estate of Lewis Hildreth (the Estate). This case is before the court on a sua sponte motion for summary disposition. We affirm.

¶2　Smith filed a "petition for informal appointment as personal representative" of the Estate. Smith alleged that he was a creditor of the Estate and an "interested person." *See* Utah Code Ann. § 75-1-201(24) (LexisNexis Supp. 2014) (defining "interested person" to include creditors); *see also id.* § 75-3-203(1) (Michie 1993) (establishing priority among persons seeking appointment as personal representative). The petition included

the names and addresses of the decedent's spouse and three children. *See id.* § 75-3-301(2) (LexisNexis Supp. 2014)(requiring that an application for informal appointment of a personal representative contain "the names and addresses of the spouse, children, heirs, and devisees"). After receiving notice of the petition in November 2014, Hildreth filed a letter with the district court on January 5, 2015, expressing his concerns about the appointment of Smith as personal representative of the Estate. On January 27, 2015, the district court held a hearing on the petition, at which Hildreth appeared telephonically. The district court's bench ruling was included in a February 27, 2015 Order. That order provided that Hildreth or his brother "shall have until February 17, 2015 to nominate themselves or another qualified individual to serve as Personal Representative of the Estate of Lewis Hildreth." The court ordered that if another qualified individual was nominated, discovery could be conducted until April 17, 2015, and the matter would be heard on April 28, 2015. The order further stated that if no alternative to Smith was "submitted on or before April 17, 2015, the above identified discovery and hearing date[s] shall be cancelled and David Smith shall immediately be appointed to serve as the Personal Representative of the Lewis Hildreth Estate."[1]

¶3      In an April 17, 2015 Order, the district court found that no person other than Smith had requested to serve as personal representative and ordered that David Smith was appointed to serve as personal representative of the Estate. On April 27, 2015, Hildreth filed a letter that the district court construed as a notice of appeal in which he listed new concerns and stated that "[t]hese concerns have prompted me to write an appeal and request to be Lewis Hildreth's Personal Representative." The letter further stated that he "would like to appeal this decision to

---

1. Despite the apparent inconsistency in the order about the date by which an alternative individual must be nominated, the record shows that no other individual was nominated at any time prior to the entry of the final order.

have David Smith appointed as my father's representative based on conflicts of interest in order to step in and assume all responsibilities required of me to become my father's personal representative." The district court construed the letter as a notice of appeal.

¶4     At the January 27 hearing, and in the February 27, 2015 Order, the district court set out the procedures to nominate an alternative person to be appointed as personal representative. The district court ordered that if no alternative person was nominated on or before April 17, 2015, the court would appoint Smith as the personal representative of the Estate. Neither Hildreth nor any other person sought to be appointed as personal representative prior to April 17, 2015. The district court acted in accordance with the February 27, 2015 Order and appointed Smith as personal representative of the Estate. Hildreth's letter filed with the court on April 27, 2015, was not a timely request to be appointed as personal representative.

¶5     Hildreth did not file a response to the sua sponte motion and has not demonstrated that the district court erred in the proceedings leading to Smith's appointment. Although Hildreth cited Utah Code section 75-3-61l in his docketing statement, which describes the procedures by which an interested party may "petition for removal of a personal representative for cause," Hildreth has not filed such a petition in the district court under that statute. Any issues that might be raised in a petition under section 75-3-611 cannot be considered in this appeal because we are limited to review of the order granting Smith's petition to be appointed as personal representative and those additional issues must be asserted, if at all, in an appropriate proceeding commenced in the district court. *See* Utah Code Ann. § 75-3-611 (Michie 1993).

¶6     Accordingly, we affirm the order appointing David Smith as personal representative of the Estate of Lewis Hildreth.

———————